UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TIC PARK CENTRE 9, LLC,                            MEMORANDUM
                      Plaintiff,                                AND ORDER
          - against -
MARK WOJNAR, et al.,                              16-CV-4302 (ARR) (JO)
                      Defendants.
-----------------------------------------------------------X

James Orenstein, Magistrate Judge:

        Plaintiff TIC Park Centre, 9, LLC ("TIC") has accused several defendants of defrauding it in connection with its investment in the Mariner Park Centre in Miami, Florida. *See* Docket Entry ("DE") 1 (Complaint). The court has previously dismissed the claims against one defendant and transferred those against some of the other defendants to the United States District Court for the Southern District of Florida. *See* DE 61; DE 62. By order dated February 15, 2018, I directed the plaintiff and the remaining defendants in this district -- Jeffery Miller; Park Centre Med-Suites, LLC; Gardens Med-Suites, LLC; and Medical Practice Operations, Inc. (collectively, the "Miller Defendants"); together with *pro se* defendant Mark Wojnar ("Wojnar") – to show cause why the remaining claims should not be transferred. All of the defendants consented to the transfer, and TIC objected on the ground that it cannot be sure that a transfer will result in the consolidation of its claims. *See* DE 116 (Miller Defendants); DE 117 (Wojnar); DE 118 (TIC). For the reasons set forth below, I now order the remaining claims to be transferred to the United States District Court for the Southern District of Florida.

        I assume the reader's familiarity with the history of this case. A district court may exercise its discretion to transfer venue "for the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). The factors to consider include the plaintiff's choice of forum, the convenience of witnesses, the location of relevant documents and relative ease of access to sources of proof, the convenience of parties, the locus of operative facts, the availability of process to

compel the attendance of unwilling witnesses, and the relative means of the parties. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (internal citation and quotation omitted).

While the plaintiff's choice of the Eastern District of New York weighs heavily in the balance, I conclude that other factors clearly outweigh that consideration. This case and the litigation in the Southern District of Florida share overlapping discovery issues that should be resolved consistently; keeping this case in New York risks either imposing conflicting obligations on the parties or forcing them to incur duplicative burdens to ensure the same results in both cases. Thus, for example, both in this case and in the Florida action, the parties have had to engage in litigation over Wojnar's unwillingness to produce or authorize the release of his tax returns in discovery.

In addition, Wojnar's financial constraints make a trial in this district impractical and limit his ability to fully participate in pretrial proceedings on an equal footing with his represented adversary and co-defendants. Moreover, Florida is the locus of virtually all of the pertinent facts and evidence, and is the most convenient place to depose not only most parties, but also non-party witnesses. Indeed, as became clear at the most recent status conference where the issue of transfer was discussed, *see* DE 119 (minute entry dated March 6, 2018), even if the case remains in this district, the Miller Defendants will need to file a motion in the Southern District of Florida to compel a non-party witness to attend a deposition. A transfer will limit the burdens arising from such litigation and increase the likelihood that the judge who decides the motion will already be familiar with the overall litigation. Transfer will also simplify the proceedings in other ways: for example, it will moot the Miller defendants' pending motion to dismiss on the basis of a lack of personal jurisdiction.

TIC objects to the transfer, but acknowledges that a transfer will cause it no prejudice aside from its speculation that the cases will not be consolidated in Florida and that the court in Florida

may not adhere to the schedule previously set in this case. Such speculation is not cognizable prejudice.

Accordingly, for the reasons set forth above, I respectfully direct the Clerk to transfer this case to the United States District Court for the Southern District of Florida. I further respectfully direct the Clerk to stay execution of this order until March 20, 2018, so as to allow the plaintiff to seek timely review. *See* Fed. R. Civ. P. 72(a). Should the plaintiff seek such review, I respectfully direct the Clerk to further stay execution of this order pending the resolution of that review.

SO ORDERED.

Dated: Brooklyn, New York
March 6, 2018

                                                                                                    /s/
                                                                                       James Orenstein
                                                                                       U.S. Magistrate Judge